WESTERHOF v WESTERHOF

Docket No. 71176. Submitted May 3, 1984, at Lansing.—Decided September 4, 1984.

Plaintiff, Brenda G. Westerhof, and defendant, Phillip A. Westerhof, were divorced by order of the Ottawa Circuit Court, Calvin L. Bosman, J. Custody of the parties' three minor children was granted to plaintiff. No provision was made for either party to claim the children as dependents for federal income tax purposes. Defendant subsequently petitioned the court for an order allowing him to claim all three children as dependents or, in the alternative, to reduce his child support payments to reflect his increased tax burden. The court entered an order amending the divorce judgment to allow defendant to claim two of the three children as dependents. Plaintiff appeals. *Held:*

1. The circuit court was empowered under special provisions of the Internal Revenue Code to make a determination regarding which party is entitled to the income tax exemptions for the children.

2. Defendant is entitled to claim the two children, and probably the third also, based upon the amount of child support he paid.

3. Although defendant failed to establish a change of circumstances sufficient to justify amendment of the divorce judgment, the trial court was authorized to amend the judgment because the dependency provision was inadvertently omitted from the original judgment.

Affirmed.

1. TAXATION — FEDERAL INCOME TAX — PARENT AND CHILD — NON-CUSTODIAL PARENTS — CHILD SUPPORT — DEPENDENCY EXEMPTIONS.

The Internal Revenue Code provides that, as a general rule, the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 33 Am Jur 2d, Federal Taxation ¶ 1153.

[3] 24 Am Jur 2d, Divorce and Separation §§ 1085, 1087.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

parent having custody of a child for the greater portion of the calendar year is entitled to the dependency exemption for the child; however, two exceptions to the general rule exist: (1) the exemption is granted to the noncustodial parent if the judgment of divorce or separate maintenance or a written agreement between the parents specifies that the noncustodial parent is entitled to the exemption, providing that the noncustodial parent has contributed at least $600 to the support of the child during the year; and (2) the noncustodial parent is entitled to the exemption if he or she contributes $1,200 or more to the support of the child for the tax year in question and the custodial parent does not clearly establish that he or she provided a greater amount of support during the year (26 USC 152[e]).

2. TAXATION — FEDERAL INCOME TAX — PARENT AND CHILD — CHILD SUPPORT — DEPENDENCY EXEMPTIONS.

The words "clearly establish" in the section of the Internal Revenue Code which provides for dependency exemptions for noncustodial parents providing $1,200 or more per year for the support of a child impose a burden of proof on the custodial parent to demonstrate that he or she has made greater support contributions by a clear preponderance of the evidence (26 USC 152[e][2][B][ii]).

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

Relevant factors to be considered in determining whether there has been a change in circumstances sufficient to justify a modification of an order granting child support include the parents' financial statuses, their employment or employability, their health and any other factor or factors which would bear upon their respective earning capacities.

4. TAXATION — FEDERAL INCOME TAX — CHILD SUPPORT — DEPENDENCY EXEMPTIONS — CIRCUIT COURTS.

Michigan's circuit courts are empowered under special provisions of the Internal Revenue Code to make determinations regarding which party to a divorce is entitled to the income tax exemptions for children (26 USC 152[e]).

*Hann, Doss & Persinger, P.C.* (by *Donald H. Hann*), for plaintiff.

*Bussard & Sielski* (by *James W. Bussard*), for defendant.

Before: SHEPHERD, P.J., and CYNAR and S. D. BORMAN,* JJ.

S. D. BORMAN, J. Plaintiff, Brenda Westerhof, and defendant, Phillip Westerhof, were divorced by order of the Ottawa County Circuit Court on December 22, 1982. The judgment of divorce granted plaintiff custody of the couple's three childre: Gretchen Lynn, born October 14, 1967; Heidi Monique, born January 21, 1971; and, Phillip Lee, born February 5, 1975. The judgment was amended by an order dated April 15, 1983, which permitted defendant to claim Gretchen Lynn and Heidi Monique as dependents for tax purposes. Plaintiff appeals from the amended judgment as of right.

Plaintiff's complaint for divorce was filed on April 2, 1982. On April 6, 1982, an ex-parte interim order was entered requiring defendant to pay $120 per week for the support of the three children. Following a hearing on April 26, 1982, an order was entered pursuant to defendant's petition reducing the weekly child support payment to $85.

In a motion dated June 29, 1982, plaintiff requested that the trial court increase the amount of temporary support for the reason that defendant understated his income at the previous hearing. The motion was heard on July 12, 1982. An order increasing the temporary support payments to $96 per week was entered on August 24, 1982.

The original judgment of divorce required defendant to pay child support in the amount of $87 per week. No provision was made for either party to claim the children as dependents on their federal income tax returns.

On February 1, 1982, defendant petitioned the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court for an order allowing him to claim all three children as dependents or, in the alternative, to reduce defendant's child support payments to reflect his increased tax burden. The hearing on defendant's petition was held on February 7, 1983. Defendant's uncontradicted testimony indicated that the trial judge had stated at the July 22, 1982, hearing that defendant would be entitled to claim two of the children as dependents. Plaintiff had, however, claimed all three children as dependents on her 1982 tax return. Defendant argued that since he paid more than $1,200 in support of each child he was entitled to the deductions. No evidence was produced on plaintiff's behalf to establish that she had paid more than one-half of the children's support. Following the parties' arguments, the trial court ruled from the bench that:

"The court believes that Mr. Westerhof should be permitted to take two of the children as dependents, the older two, so long as his support is up to date."

I

*Did the trial court have the authority to determine how dependency exemptions were to be distributed between the parties to the divorce?*

The issue of whether a state trial court has subject matter jurisdiction to determine how dependency exemptions should be divided between the parties to a divorce has not yet been addressed by the appellate courts of this state. Unquestionably, the right of the United States to collect federal taxes exists independent of state law. *United States v Union Central Life Ins Co,* 368 US 291; 82 S Ct 349; 7 L Ed 2d 294 (1961); *Leuschner v First Western Bank & Trust Co,* 261 F2d 705 (CA 9, 1958). By federal statute, the parent who pro-

vides more than one-half the support for a child is entitled to a $1,000 tax exemption. 26 USC 151(e), 152(a). The general rule for determining whether a taxpayer is entitled to dependency exemptions is set forth in 26 USC 152(a):

"(a) General definition. For purposes of this subtitle, the term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

"(1) A son or daughter of the taxpayer, or a descendant of either * * *."

In *Vinet v Vinet,* 184 So 2d 33 (La App, 1966), the Louisiana Court of Appeals ruled that the state court was without jurisdiction to pass on the question of which party was entitled to receive the tax exemption for the parties' children. The Louisiana Court explained that the right to the exemption could only be established by the proper taxing authority.

In 1967, following the *Vinet* decision, § 152 of the Internal Revenue Code (IRC) was amended to include a special support test for the children of divorced parents:

"(e) Support test in case of child of divorced parents, *etc.*

"(1) General rule.—If—

"(A) a child (as defined in section 151[e][3]) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and

"(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

"such child shall be treated, for purposes of subsec-

tion (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).

"(2) Special rule. The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

"(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

"(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

"(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and

"(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

"For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support." 26 USC 152(e).

Section 152(e) has been interpreted by the United States Tax Court as providing a general rule that the parent having custody of the child for the greater portion of the calendar year is entitled to the dependency exemption for the child. *McGuire v Comm'r of Internal Revenue,* 77 TC 765 (1981). The exceptions to the general rule are

contained in § 152(e)(2)(A) and (B). The first of these exceptions grants the exemption to the parent not having custody, if the decree of divorce or separate maintenance or a written agreement between the parents specifies that the noncustodial parent is entitled to the exemption, providing that the noncustodial parent has contributed at least $600 to the support of the child during the year. The second exception provides that the noncustodial parent is entitled to the exemption if he contributes $1,200 or more to the support of the child for the tax year in question and the custodial parent does not clearly establish that it provided the majority of support during the year. The words "clearly establish" have been interpreted as imposing a burden of proof on the custodial parent to demonstrate support contributions by a clear preponderance of the evidence, rather than imposing the clear and convincing standard of proof. *McGuire v Comm'r of Internal Revenue,* 77 TC 765, 770 (1981).

Following the 1967 amendment to § 152, the courts of other states have consistently held that a state court has the power to make a determination as to which parent will be entitled to the dependency exemption. See, *e.g., MacDonald v MacDonald,* 122 NH 339; 443 A2d 1017 (1982); *Morphew v Morphew,* — Ind App —; 419 NE2d 770 (1981); *Niederkorn v Niederkorn,* 616 SW2d 529 (Mo App, 1981); *Grider v Grider,* 376 So 2d 1103 (Ala Civ App, 1979); *Roberts v Roberts,* 553 SW2d 305 (Mo App, 1977); *Pettitt v Pettitt,* 261 So 2d 687 (La App, 1972); *Kolb v Kolb,* 479 SW2d 81 (Tex Civ App, 1972). In reaching its determination that the granting of a dependency exemption was within the jurisdiction of the trial court, the Louisiana Court of Appeals in *Pettitt, supra,* reasoned:

"The federal statute specifically contemplates and gives recognition to a state court judgment decreeing that the parent not having custody shall be entitled to the allowable deduction for the child if the other requirements of the statute are met. It is proper for the state court to regulate this matter as it is an important factor in the financial relationship between the persons concerned. Further, it facilitates a determination between the parents as to who is entitled to the deduction." 261 So 2d 687, 690.

Furthermore, the 1967 amendment has been broadly interpreted so as not to limit jurisdiction to determinations made in the original judgment of divorce. In *Grider, supra,* the Alabama Court of Civil Appeals explained:

"Congress has authorized divorce courts to order that a non-custodial parent may claim a child as a deduction. Such order must be followed by the IRS if he provided said $600 calendar-year child support. We deem it immaterial as to whether such deduction was authorized by a court originally in a divorce judgment or years later in a modification judgment as was done in this case. The parents may, by written agreement, give the exemption to the spouse not having custody and such agreement may be entered into by former spouses already divorced. 33 Am Jur 2d, *Federal Taxation* § 1153 (1979). Indeed, such agreements may be entered into yearly. Such is a necessary rule because conditions change. It is inconceivable that Congress did not by the same statute grant the same authority of necessary change to a court as was given to the parents." 376 SW2d 1103, 1105.

In the instant case, the original judgment of divorce contained no provision regarding which parent was entitled to claim the children as dependents. On April 15, 1983, the judgment of divorce was amended to allow defendant, the noncustodial parent, to claim Gretchen and Heidi as depen-

dents. The proofs at trial established that defendant had paid $4,814 in support of the three children in 1982. Since defendant had paid more than $600 in support of each child, the trial court was empowered, under § 152(e)(1)(A), to award defendant the exemptions for Gretchen and Heidi. Accordingly, the amended judgment of divorce allows defendant to claim Gretchen and Heidi as dependents in any year in which defendant pays more than $600 in support of each child.

Although the issue is not raised by either party at the trial court level or on appeal, it should be noted that defendant is also probably entitled to claim the couple's third child, Phillip, as a dependent on his 1982 income tax return. The evidence produced at the February 7, 1983, hearing established that defendant paid $4,814 in 1982 in support of all three children. Since the divorce decree did not differentiate in the amount to be allocated to each child, defendant apparently paid $1,604.66 in support of each child, including Phillip Lee. Federal income tax regulation 1.152-4(d)(3) explains that a noncustodial parent who pays more than $1,200 in support of a child is entitled to claim the dependency deduction for that year notwithstanding a divorce decree to the contrary:

"A noncustodial parent who provides $1,200 or more support for the child * * * shall be treated as having provided more than half the support for the child (or children) *notwithstanding any provision to the contrary contained in a decree of divorce or separation or in a written agreement,* unless the custodial parent clearly established that the custodial parent provided, in fact, more for the support of the child during the calendar year than the noncustodial parent. Under section 152(e)(2)(B) and this subparagraph, if the noncustodial parent established that the noncustodial parent has provided $1,200 or more for support of the child, then

the custodial parent has the burden of establishing by a clear preponderance of the evidence that the custodial parent has provided more for the support of the child than has been established by the noncustodial parent in order to be treated as having provided over half of the support of the child." 26 CFR 1.152-4(d)(3); Treas Reg 1.152-4(d)(3). (Emphasis supplied.)

No evidence was supplied by plaintiff to rebut the presumption that defendant had paid more than one-half of Phillip Lee's support in 1982. Since the burden of proof will be on plaintiff to establish before the Internal Revenue Service that she provided more than $1,200 for Phillip's support, defendant will probably be entitled to claim Phillip as a dependent under 26 USC 152(e)(2)(B), even though the trial court granted the deduction for Phillip to plaintiff.

II

*Was there a change in circumstances to justify the amendment of the divorce judgment?*

Defendant failed to establish a change of circumstances sufficient to justify amendment of the divorce judgment under MCL 552.17; MSA 25.97. MCL 552.17; MSA 25.97 provides:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

In *Maier v Brablec,* 125 Mich App 511; 336 NW2d 39 (1983), this Court explained that all relevant factors are to be considered in determining

whether there has been a change of circumstances sufficient to justify modification of an order granting child support. Relevant factors include the parents' financial statuses, their employment or employability, their health and any other factor or factors which would bear upon their respective earning capacities.

In the instant case, the trial court amended the "Support of Minor Children" portion of the judgment of divorce. No evidence was presented at the February 7, 1983, hearing indicating that there had been any change in either party's earning capacity. Consequently, there was no change in circumstances that would justify lowering defendant's support payments by decreasing his tax burden.

Notwithstanding the absence of a change in circumstances, we uphold the amendment to the divorce decree. Under GCR 1963, 528.3, a party is entitled to relief from a final order or judgment for the following reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

The rule further requires that a motion must be made within a "reasonable time", and for reasons (1), (2), and (3), the motion must be made not more

than one year after the judgment or order was entered or taken.

In the instant case, the judgment of divorce was entered on December 22, 1982. Defendant's motion to amend the judgment was filed February 1, 1983, well within the one-year limitation period. Although the trial court did not specify its reasons for amending the judgment to allow defendant to claim two of the couple's three children as dependents, the evidence produced at the February 7, 1983, hearing suggests that the amendment was based on the trial court's previous determination that defendant was entitled to claim two dependents. Defendant testified that, at the July 12, 1982, hearing on plaintiff's motion to increase temporary child support, he produced evidence regarding his limited financial resources. At that time, defendant was claiming no dependents. In response to this evidence, the trial court determined that defendant should claim two dependents for 1982. Although no transcript of the July 12, 1982, hearing has been filed with this Court, defendant's assertions were not contradicted by either the plaintiff or the trial court. No reason was given for the trial court's failure to incorporate the dependency determination in the original judgment of divorce other than the fact that defendant believed that the dependency issue could be worked out amicably with plaintiff. Since the dependency provision was, in our opinion, inadvertently omitted, the amendment to the judgment of divorce is affirmed pursuant to GCR 1963, 528.3(1).

In summary, we hold that Michigan's circuit courts are empowered under the special provisions of the Internal Revenue Code to make determinations regarding which party to a divorce is entitled to the income tax exemptions for children. Conse-

quently, the trial court did not err in amending the judgment of divorce to allow defendant to claim two of the couple's three children as dependents for income tax purposes. Furthermore, the trial court was authorized to amend the divorce judgment because the dependency provision was inadvertently omitted from the original judgment. Accordingly, the order amending the judgment of divorce is affirmed.

Affirmed.