In re the Marriage of Marcella Gladys MATHIAS, Petitioner, Appellant,

v.

Edwin R. MATHIAS, Respondent.

No. C7–84–2014.

Court of Appeals of Minnesota.

April 2, 1985.

Jack S. Jaycox, Bloomington, for appellant.

Richard D. Goff, St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This is an appeal from an order denying appellant Marcella Mathias a modification in spousal maintenance and child support without first affording her an opportunity to engage in discovery. Appellant further challenges the trial court's denial of an evidentiary hearing on the same modification issues of spousal maintenance and child support. We reverse and remand.

## FACTS

Edwin and Marcella Mathias were married in 1949 and divorced on April 15, 1983. The marriage produced eight children. At the time of the dissolution, Edwin was grossing about $90,000 a year in salary and bonuses as president of Mathias Die Company. He was also sole shareholder of all outstanding corporate stock valued at $442,678 and received a number of fringe benefits from the corporation including a $300,000 life insurance policy. Marcella was a housewife and had been so for the duration of the 33-year marriage.

The trial court determined that Marcella had no marketable skills and a future earning capacity at the minimum wage level. The court further found that Marcella suffered from physical problems, including arthritis and eye trouble. Marcella was granted custody of the couple's only minor child at the time of the dissolution, a

daughter Kimberly, born March 22, 1967. The decree required that Edwin pay $200 per month in child support and $200 per month in spousal maintenance, the latter for a period not exceeding five years. The decree further directed Edwin to maintain medical/hospital insurance for both Marcella and Kimberly. Marcella was also awarded a $200,000 property settlement to be paid in monthly installments of $2,000 at 8 percent interest. The balance of the marital estate consisted of numerous investment devices including jointly owned real estate, stocks and Individual Retirement Accounts. The final property division awarded Marcella total assets valued at approximately $306,386. Both the homestead and an automobile included in this figure had outstanding mortgages with a combined principal balance of $99,500. Edwin received assets valued at approximately $289,665 after deductions.

In May 1983, Marcella appealed to a three-judge district court panel alleging that the support and maintenance awards were inadequate in view of her monthly expenses. Edwin cross-appealed on the issue of the property settlement asserting that the monthly payments at 8 percent interest created an inability to meet his own needs. Both parties filed extensive briefs. On October 19, 1983, following oral argument, the panel affirmed the original trial court's findings without opinion.

Marcella then petitioned the Minnesota Supreme Court for discretionary review. The petition was filed after the effective date of the new Minnesota Rules of Civil Appellate Procedure on November 1, 1983, which vested proper jurisdiction in the Minnesota Court of Appeals. Permission to appeal was therefore denied on December 30, 1983.

On April 25, 1984, after obtaining new legal counsel, Marcella brought a motion for increased support and maintenance in addition to attorney's fees. Edwin countermotioned by affidavit. Prior to a scheduled hearing in Dakota County on May 3, 1984, Marcella withdrew her motion claiming dissatisfaction with her attorney.

On June 18, 1984, Marcella renewed her motion for modified support and maintenance seeking an increase in both payments from $200 to $1,500 per month. In her affidavit Marcella stated that her monthly expenses had substantially increased and that she had been unable to find employment since the April 1983 decree. She further stated that Edwin's yearly salary had substantially increased beyond the $90,000 earned at the time of the dissolution when he retired from the corporation. To determine his current financial status Marcella served Edwin with interrogatories and a request for production of documents. By affidavit, Edwin counter-motioned seeking attorney's fees and a protective order from Marcella's discovery requests. The trial court consolidated all pending motions at a July 30, 1984 hearing. On October 12, 1984, the court issued its findings of fact and order denying all motions except Edwin's request for attorney's fees which was granted for $500.

## ISSUES

1. Is the simultaneous denial of discovery and an evidentiary hearing in an order denying modified support and maintenance appealable?

2. Did the trial court err in denying reasonable discovery requests in advance of a hearing for modified support and maintenance?

3. Did the trial court abuse its discretion in denying an evidentiary hearing on the modification issues?

## DISCUSSION

The starting point for resolution of the first issue posed by the parties is found in the following language:

An appeal may be taken to the Court of Appeals:

* * * from an order which, in effect, determines the action and prevents a

judgment from which an appeal might be taken.

Minn.R.Civ.App.P. 103.03(e).

■ Respondent does not dispute that the October 12 order falls within this classification as it relates to the issues of modified child support and spousal maintenance. Indeed, this court has recently stated that denial of post-decree motions regarding custody, visitation, maintenance and child support are appealable as of right under Rule 103.03(e). *King v. Carroll,* 356 N.W.2d 449 (Minn.Ct.App.1984). The source of disagreement between the parties is thus not the appealability of the trial court's order, but rather the scope of this court's review on the issues of discovery and an evidentiary hearing. An appellate court is afforded wide discretion in reviewing matters bearing on a trial court's final disposition.

The appellate courts may reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require.

On appeal from or review of an order the appellate courts may review any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment. They may review any other matter as the interest of justice may require.

Minn.R.Civ.App.P. 103.04.

■ Here, the denial of appellant's motion for modification of the original judgment and decree prior to completion of discovery is a matter that bears directly on the disposition of this case. In effect, the order implicitly denies appellant's right to engage in discovery in advance of an evidentiary hearing. The propriety of this result is clearly a matter within the "interests of justice." Accordingly, it is irrelevant whether appellant actually made a motion for discovery under Minn.R.Civ.P. 7.02.

The issue of when a trial court should allow discovery in connection with a motion for increased support has not been specifically addressed by this court. As a preliminary matter, the party seeking modification in support or maintenance must meet the requirements of Minn.Stat. § 518.64, subd. 2 (Supp.1983), which states:

Subd. 2. Modification. The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

This court has previously considered the grounds required for modification. *Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984); *Chapman v. Chapman,* 352 N.W.2d 437 (Minn.Ct.App.1984). Here, the appellant sought modification based on statutory grounds (1) and (2). Appellant argues that it was virtually impossible to demonstrate a significant increase in respondent's earnings without benefit of discovery into respondent's financial records. She further urges this court to adopt good faith belief as the standard for allowing discovery in modification issues of this type. While other jurisdictions have adopted variations of this standard of proof,[1] we find resolution of this issue controlled by Rule 43.05 of the Minnesota Rules of Civil Procedure, which states:

When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may di-

1. *Lepis v. Lepis,* 83 N.J. 139, 416 A.2d 45 (1980) (prima facie standard); *Cubin v. Cubin,* 685

P.2d 680 (Wyo.1984) (good faith belief as standard).

rect that the matter be heard wholly or partly on oral testimony or *depositions.* (Emphasis supplied).

By its reference to depositions as an alternative to oral testimony, Rule 43.05 plainly contemplates discovery in advance of a motion hearing. An opposite result would effectively nullify motions for modified support and maintenance because the movant would be unable to obtain information necessary to meet statutory requirements. We are mindful that trial courts are ordinarily allowed broad discretion in child support matters. *Halper v. Halper,* 348 N.W.2d 360, 363 (Minn.Ct.App.1984). The facts before us, however, do not suggest a similar deference.

■ In her affidavit, appellant specifically alleged that respondent was receiving a substantial increase in compensation following his retirement from the Mathias Die Company. Given respondent's former position as president and sole shareholder of the corporation, her only avenue for obtaining specific figures was through the discovery process. Until appellant had an opportunity to engage in reasonable discovery, the issues of modified support and maintenance were not ripe for consideration by the trial court. Accordingly, we remand on this issue. On remand, the trial court must permit appellant to proceed with reasonable discovery into respondent's financial records.

■ Upon the completion of reasonable discovery, the trial court must then determine whether an evidentiary hearing is necessary for fair resolution of the issues. Rule 43.05 again sheds light on this issue by vesting the decision to take oral testimony in the discretion of the trial court. *See Gordon v. Gordon,* 356 N.W.2d 436, 438 (Minn.Ct.App.1984). The Minnesota Supreme Court considered the discretionary power behind Rule 43.05 when it said:

> This discretion of the trial court [to order an evidentiary hearing] should be exercised only in exceptional cases; for if parties were permitted, as a matter of course, to have every issue of fact in every action tried on oral testimony and

to require the formalities of a final trial of an action on its merits to be observed, it would result in vexatious and burdensome delays, and in many cases in a miscarriage of justice.

*Saturnini v. Saturnini,* 260 Minn. 494, 496, 110 N.W.2d 480, 482 (1961) (quoting *Strom v. Montana Cent. Ry. Co.,* 81 Minn. 346, 349, 84 N.W.2d 46, 47 (1900).

■ In custody modification cases where the fitness or lack of fitness of a parent is at issue, a determination based solely on affidavits is normally improper. *See Thompson v. Thompson,* 238 Minn. 41, 47, 55 N.W.2d 329, 332 (1952). A similar need for cross-examination does not usually exist in support modification cases.

> Modification of support payments * * * generally requires only a showing of change in either need on the one side or ability to pay on the other. In most situations these determinations can fairly be made without taking oral testimony. Where the facts are complicated or the affidavits so conflicting as to render cross-examination essential, then the desirability of expeditious procedure must give way to a more formal hearing.

*Saturnini,* 260 Minn. at 489, 110 N.W.2d at 483 (footnote omitted).

While our recent decision in *Hadrava,* suggests a more limited view of this discretion, a closer reading demonstrates that the inadequacy of the record on appeal dictated reversal, not formulation of the record itself. In *Hadrava,* the mother sought modification in child support payments. An evidentiary hearing actually took place but the record on appeal failed to include a transcript of the hearing or a summary of the testimony. The record was instead limited to opposing affidavits containing only selective versions of the parties earnings and expenses and no figures bearing on the needs of the children. Accordingly, a remand was necessary to determine whether the mother had met the statutory showing for an increase in support under Minn.Stat. § 518.64, subd. 2.

Here, formulation of the record is at issue. The trial court cannot determine whether oral testimony is necessitated by the facts until appellant has an opportunity to engage in reasonable discovery. Resolution of this issue is thus premature.

## DECISION

Denial of a motion for modification in child support and spousal maintenance in advance of reasonable discovery into financial records requires a remand. Denial of an evidentiary hearing is not ripe for consideration until reasonable discovery has been completed.

Reversed and remanded.