**In re the Marriage of Mary Jean GREELER, Petitioner, Appellant,**

v.

**Steven Allen GREELER, Respondent.**

**No. C4-84-2195.**

Court of Appeals of Minnesota.

May 21, 1985.

Beverly Balos, Minneapolis, for appellant.

William D. Schutter, Anoka, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FOLEY, Judge.

The district court dissolved the marriage of Mary Jean Greeler (appellant) and Steven Allen Greeler (respondent) on July 14, 1978. The referee of family court modified the agreement, increasing child support and granting arrearanges and unpaid medical expenses on August 16, 1984. At the same time the referee denied appellant's request to modify a stipulation concerning dependency tax exemptions. District court affirmed the referee's findings and entered the amended judgment and decree. Mary

Jean Greeler appeals the trial court's denial of her request to modify the exemption stipulation. Reversed and remanded.

## FACTS

In the original dissolution decree, respondent was obligated to pay $135 per month for the first year, $210 per month thereafter. The decree incorporated a stipulation that respondent had the right to claim the two oldest children, then ages four and six, as his dependents; appellant had the right to claim the youngest child, then age two, as her dependent.

At the time of the decree appellant was receiving AFDC; she now earns $800 per month. The family's basic living expenses have increased from $424 a month in 1978 to $1,023 a month in 1984. From August 1982 through June 1984, respondent was delinquent in his payments approximately $2,900, though district court found him able to pay his full obligation. Respondent continued to claim his two older children as tax exemptions during those years.

On appellant's motion to modify the original judgment and decree, the district court increased the child support payments to $300 a month and awarded arrearages of $2,900. The district court denied appellant's request for modification of the dependency provision, concluding it lacked jurisdiction to modify tax exemption provisions. Appellant appeals the denial of her motion for modification of the exemption stipulation.

## ISSUE

Does the district court have jurisdiction to modify a dissolution stipulation governing tax exemption rights?

## ANALYSIS

The standard of review for dissolution orders is clear. A reviewing court will only overturn the district court's decision regarding distribution of property on a showing that it has abused its discretion. "The appellate courts need not, however, defer to the trial court in reviewing questions of

law." *Van De Loo v. Van De Loo,* 346 N.W.2d 173, 175 (Minn.Ct.App.1984) (cites omitted). Whether either Minnesota law or sections of the Internal Revenue Code preclude district courts from allocating dependency exemptions is a matter of law.

■ The district court erred in its conclusion that it does not have jurisdiction to modify a dissolution stipulation regarding dependency exemptions. Two arguments compel this conclusion:

■ 1. The district court has jurisdiction to amend a dissolution stipulation concerning maintenance and support.

2. Neither Minn.Stat. § 518.64 (1984) nor Internal Revenue Code, 26 U.S.C. § 152(e) (1954) prevents the district court from exercising jurisdiction over the allocation of dependency exemptions.

■ 1. A prior stipulation does not bar modification by the district court when circumstances justify change. *Kaiser v. Kaiser,* 290 Minn. 173, 180–81, 186 N.W.2d 678, 683 (1971). Stipulations agreed upon by parties who had the benefit of counsel are entitled to considerable evidentiary weight. These stipulations, nonetheless, "are not contracts which bind the court or preclude it from making changes * * * as circumstances justify." *Id.*

The Minnesota Supreme Court has cautioned that "trial courts exercise [their] discretion carefully and only reluctantly alter the terms of a stipulation governing maintenance." *Claybaugh v. Claybaugh,* 312 N.W.2d 447, 449 (Minn.1981). However, child support requirements, relating to the nonbargainable interests of children, are less subject to restraint by stipulation. *Kaiser* at 180, 186 N.W.2d at 683. "Courts will not be bound by an agreement between parents affecting the rights of minor children with respect to support, but will be controlled by the welfare of the child." *Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970).

■ 2(a). Minn.Stat. § 518.64 does not prohibit district court jurisdiction over dependency exemptions. This statute empowers the courts to make two kinds of changes: first, the court "may from time to time * * * *modify* the order respecting the amount of maintenance or support money;" second, the court may also *"make* an order respecting matters which it might have made in the original proceeding * *."* Minn.Stat. § 518.64, subd. 1 (emphasis added). Although the supreme court has not addressed the issue of whether a trial court has jurisdiction to modify or make an initial allocation of dependency exemptions, Minnesota law does not prohibit this jurisdiction. While, Minn.Stat. § 518.64 does not expressly mention dependency exemptions, it does authorize orders modifying the amount of maintenance and child support. Unless stipulated to or the issue otherwise submitted to the court by the parties, it might be better practice for the trial court to decline to involve itself with the matter of dependency exemptions and leave those issues to be resolved between the parties and the IRS.

Here, the basic living expenses of appellant and her three children have increased from $424 a month to $1,023 a month since the dissolution. Whereas appellant was unemployed at the time of the dissolution decree, she now earns approximately $800 a month. Even with the increased child support payments from $210 to $300 a month, Mary Jean Greeler is still contributing the "lion's share" of support for her children. Yet, because of the exemption stipulation, she is able to claim only one of the children as a tax exemption. The additional two exemptions clearly bear on the amount available to her for supporting her children. Since Minn.Stat. § 518.64 authorizes orders modifying the amount of child support, and since dependency exemptions are inextricably bound with the custodial parent's ability to support children, nothing in Minn.Stat. § 518.64 precludes courts from allocating and modifying dependency exemptions.

■ 2(b). The Internal Revenue Code does not preclude district courts from allocating (and, therefore, also from modifying) dependency exemptions. Section

152(e)(2) of the Internal Revenue Code grants the right to claim exemptions to the noncustodial parent if either of two sets of conditions are met:

(A)(i) the decree of divorce * * * applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, *and*

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, *or*

(B)(i) the parent not having custody provides $1,200 or more for the support of such child * * * for the calendar year, *and*

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

I.R.C. 152(e) (emphasis added).

In brief, the noncustodial parent may claim the exemption if the decree provides so and if he or she provides $600 per year in support of the child for whom he or she is claiming the exemption. The noncustodial parent may also claim the exemption without the decree provision if he or she provides $1,200 per year for the child and the custodial parent cannot establish that he or she provided more in support during that year than the noncustodial parent.

Clearly, this section in the code anticipates the court's authority to allocate tax exemptions in the dissolution decree. At the heart of the argument is the legislative history of 26 U.S.C. § 152(e), the section which determines when the noncustodial parent may claim the exemption. Congressional comments indicate:

Under this exception it will be possible for the courts hearing divorce and separation suits to resolve this issue in many cases at the time they are considering the financial arrangements which are to apply between the parents and to take the income tax deduction directly into account in this connection. It also provides a means whereby parents who can reach an amicable agreement may resolve the issue with certainty.

S.Rep. No. 488, 90th Cong., 1st Sess., reprinted in 1967 U.S.Code Cong. & Ad.News 1527, 1529.

Several other states have found state district court jurisdiction over dependency exemptions, though the power must be exercised in accord with the requirements of the Internal Revenue Code. *See, Westerhof v. Westerhof,* 137 Mich.App. 97, 357 N.W.2d 820, 823 (1984); *Neiderkorn v. Neiderkorn,* 616 S.W.2d 529, 533 (Mo.App. Ct.1981); *Morphew v. Morphew* 419 N.E.2d 770, 775 (Ind.Ct.App.1981).

In addressing the issue, the Indiana Court of Appeals reasoned that the right of the United States to collect taxes is independent of state law. However, the court concluded "since Congress has provided in the Internal Revenue Code that state courts may enter such decrees delineating which parent is to receive the exemption, we find that the trial court is not exercising authority solely vested in the federal taxing authority." *Morphew,* 419 N.E.2d at 775.

The Tax Reform Act of 1984, 26 U.S.C. § 423, allocating exemptions in all cases to the custodial parent, is not applicable here. The Act took effect January, 1985, but the amended judgment and decree in this case is excepted from its scope as a "qualified pre-1985 instrument" which allocates the exemptions to the noncustodial parent. However, we note that under the 1984 Act, Mary Jean Greeler would automatically have the right to claim all three exemptions.

We also draw attention to the fact that respondent has been able to claim the two exemptions during years when he was in arrears for child support, merely because the decree allocated the exemptions to him and because he provided the minimum support requirement under I.R.C. 152(e)(2) of $600 per child per year. Appellant was unable to claim the exemptions during those years even if she could establish she had provided more support for her

children than respondent because under the code, this is not an option once the district court has allocated the exemption. This inequity is not tolerable and must be corrected.

## DECISION

We reverse the district court's denial of appellant's motion to modify the exemption stipulation. We remand to the trial court with an order to amend the exemption stipulation granting appellant the right to claim the exemptions for all three of her children.

Reversed and remanded.