**In re the Marriage of Barbara J. FARRAR (now Gibson), Petitioner, Respondent,**

**v.**

**Felix F. FARRAR, Appellant.**

**No. C4-85-1705.**

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied May 22, 1986.

Charles R. Kennedy, Sally I. Robertson, Kennedy & Nervig, Wadena, for respondent.

Nancy E. Murphy, Jack S. Jaycox, Jack S. Jaycox Law Offices, Bloomington, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This appeal arises out of a marriage dissolution. Felix S. Farrar appeals from an order enforcing a judgment filed August 6, 1985. Appellant takes issue with the trial court's revaluation and claimed redistribution of property originally awarded him by the judgment; the trial court's refusal to forgive child support arrearages; the trial court's failure to order discovery of the financial circumstances of respondent's new spouse; the continuation of child support beyond the age of 18; and the lower court's award of attorney's fees to respondent.

On September 9, 1983, appellant executed and filed a supersedeas bond on appeal from a judgment of October 19, 1982 which dissolved the marriage. The bond assigned to respondent all of appellant's interest in a building used for his photography business (the studio building) if appellant did not perform the judgment if affirmed. The judgment was affirmed by order of the District Court Appellate Panel of the Seventh Judicial District filed April 26, 1984.

Respondent moved the court to determine support arrearages and to enforce the supersedeas bond in August, 1984. Appellant moved for an order forgiving support and maintenance arrearages. A year later, on August 6, 1985, the trial court denied appellant's motion and granted respondent's motion in its entirety. This appeal followed. We affirm as modified.

## FACTS

Felix and Barbara Farrar were married on July 4, 1963. They have three children: Holly Marie, born November 16, 1966; Stephanie Ann, born October 28, 1969; and Leah Jean, born July 9, 1976. At the time of the dissolution appellant worked as a photographer. Respondent was a clerk in a retail store and had assisted in the photography business.

The marriage was dissolved in June of 1982 and a judgment and decree entered in October of that year. Respondent was given custody of the children, subject to appellant's right of reasonable visitation. Appellant was ordered to pay monthly child support in the amount of $150 per child and $150 per month as maintenance.

The marital estate included the studio building which the parties owned as joint tenants. The studio building was found to have a current market value of $70,000, subject to a mortgage of approximately $29,000. The parties were awarded equal shares in the building. Respondent was awarded the homestead.

Appellant did not pay the child support or maintenance for October, November, December 1982 or January 1983. He did not make the monthly accountings to respondent and failed to pay her any of the rental income as required by the judgment.

Numerous motions were made by both parties. On January 24, 1983, the trial court issued an order requiring all future rental income be paid directly to respondent and giving her responsibility for making the mortgage payments and payments to the escrow account. The trial court

issued an order, filed April 25, 1983, denying appellant's motion for amended findings or a new trial, confirming its January 24, 1983 order, and finding appellant in contempt of court for his failure to make the child support and maintenance payments.

Appellant was ordered to purge himself of the contempt by payment of one-half of the total accumulated support and maintenance payments in default within 90 days and the other half within 180 days of the date of the order. Appellant did not pay one-half of the child support and maintenance arrearages within 90 days as required by the contempt order.

In May appellant appealed from the judgment and from the order denying his post-trial motions. Based upon a stipulation on September 30, 1983, the trial court ordered that appellant file a supersedeas bond on appeal, pledging his one-half interest in the studio building. Appellant agreed to pay the amounts required by the judgment of October 19, 1982 and the order of April 25, 1983 if affirmed by the appellate panel. He also agreed that his interest in the studio building was security for payment.

Respondent remarried in March of 1984.

The district court panel affirmed the judgment and order denying appellant's motion for a new trial or amended findings on April 26, 1984.

In July 1984 respondent moved to determine appellant's arrearages, to order them paid, or that appellant's interest in the studio building pledged by the bond be transferred to respondent. She also moved for attorney's fees. The parties agreed to submit the motion on affidavits served by August 14, 1984, without an evidentiary hearing.

On August 9, 1984, appellant served respondent with interrogatories and a request for production of documents. Appellant then served notice on August 10, 1984, of his motion that all support and maintenance arrearages be forgiven and that child support be reduced. Respondent refused to comply with the discovery efforts and

served her objections on August 15, 1984. Appellant made no attempt to enforce his discovery attempt.

A year later, on August 9, 1985, the trial court ruled on these motions and issued an order enforcing the judgment. The court found that appellant had the following obligations:

a) $450 per month child support from November 1982 to February 1985, a period of 28 months

total child support obligation: $12,600

b) $150 per month maintenance from November 1982 until March of 1984

total maintenance obligation: $2400

c) half of the proceeds of the sale of property which took place prior to entry of the judgment

amount owed for sale of property: $2,875

d) $110 per month for health insurance coverage of the children, which respondent paid for 19 months

total health insurance obligation: $2,090

The total cash payment obligation was found to be $19,965.

Credited payments found by the trial court consisted of actual payment of $2,235. An additional credit was given to appellant in the amount of $567.50 for withdrawals made by respondent from the rental income. Appellant's total unpaid obligation was found to be $17,152.50.

The trial court awarded appellant's interest in the studio building to respondent as satisfaction of the arrearages and attorney's fees accrued to date, unless appellant paid $22,162.50. This figure represents the total unpaid obligation of $17,152.50 plus $5,000 attorney's fees.

Regarding the studio building, the trial court found at the time of trial its fair market value was $70,000, with a $29,000 encumbrance. This left a net equity of $41,000 which was originally awarded to the parties as tenants in common.

During the next 3 years, up to the date respondent's motion was submitted, the encumbrance was reduced to $22,626. Significantly, the trial court also found that the

reasonable market value of the property had declined during that same period to $55,000. The court reasoned that, "[a]s tenants in common the parties must share in this value decline." Using the current market value and encumbrance amounts, the court found the parties' current equity in the studio building was $32,374.01 ($16,187 each).

Appellant's total unpaid obligation of $22,162.50 exceeded his $16,187 equity awarded to respondent by $5,974.50. Notwithstanding this discrepancy, the award was made as a complete satisfaction of amounts due by appellant under the original judgment.

Attorney's fees of $5,000 were awarded to respondent because of appellant's "continued and willful disobedience of existing Court Orders, which required Petitioner to seek relief from the Court on four separate occasions post trial; [and] * * * she was also required to respond to Respondent's appeal * * * *."

Appellant's motion to modify child support was denied by the trial court. The court found the evidence was insufficient to justify a reasonable finding that appellant's earning potential had substantially decreased since the original findings.

Appellant's motion to forgive arrearages was also denied. His failure to pay any amount of support for substantial periods of time was found to be willful.

## ISSUES

I. Did the trial court err by refusing to modify appellant's child support obligations?

II. Did the trial court err by refusing to forgive child support arrearages?

III. Was it error for the trial court to rule on a motion to modify child support without evidence of the financial circumstances of respondent's new spouse, where appellant failed to move to compel discovery?

IV. Did the trial court err by ordering appellant to reimburse respondent for health insurance coverage on the children instead of requiring respondent to use contempt proceedings?

V. Was the trial court's award of $5,000 attorney's fees to respondent an abuse of discretion?

## ANALYSIS

### I.

■ Appellant claims the trial court erred by its failure to reduce appellant's child support obligations as to Holly Marie when she reached majority. She was born on November 16, 1966 and became 18 years old on November 16, 1984. Appellant seeks a credit of $1,200 which he claims is due to an overcharge for eight months.

The applicable law provides that age 18 is majority. *See Yackel v. Yackel,* 366 N.W.2d 382, 385 (Minn.Ct.App.1985) (1983 amendment changing definition of "child" to include "an individual under age 20 who is still attending secondary school" applies only to support awards for dissolution or separation actions commenced on or after May 18, 1983). Appellant is thus entitled to a $450 credit. This figure is based upon the trial court's computation of support arrearages only from November 1982 to February of 1985. Appellant is entitled credit of $150 per month for those months.

### II.

■ Appellant claims that the trial court erred in refusing to forgive his child support arrearages. Child support arrearages will not be forgiven where failure to pay has been willful. Minn.Stat. § 518.64, subd. 2 (1984) (retroactive effect of downward modification); *Egge v. Egge,* 361 N.W.2d 485, 489 (Minn.Ct.App.1985). The trial court found appellant's failure was willful in its order enforcing the judgment.

There is ample support in the record for this finding. Appellant was previously found in contempt of court in April, 1983, for failure to make required maintenance and support payments. The court was cognizant of the memorandum accompanying

the contempt order. It contained conclusions by the court that:

> Respondent hasn't a high regard for the welfare of his former spouse or his minor children, and only contempt for this Court's direction that he provide support and maintenance * * * The arrearages which are accumulating against the respondent are not intended to be forgiven.

The court did not err by refusing to forgive support arrearages.

### III.

■ One factor a trial court must consider when ruling on a motion to modify support is evidence of the financial circumstances of each party's new spouse, if any. Minn.Stat. § 518.64, subd. 2. In this case there was no *evidence* before the court of the financial circumstances of respondent's new spouse. Shortly before the deadline for submission of affidavits, appellant served discovery requests on respondent. Respondent served objections, and appellant failed to take steps to compel discovery.

Appellant now contends that the trial court erred by failing to order discovery on its own initiative. Respondent argues that this issue is not reviewable since it was never brought to the court's attention by a motion to compel discovery. She argues that appellant could have moved for an order requiring production of documents under Rule 34.01, Minn.R.Civ.P., and for an order resolving the objections to the interrogatories under Rule 33.01(3), Minn.R. Civ.P. By failing to move for a court order, respondent argues, appellant abandoned his discovery attempt. As a result, there is no discovery order to review.

Appellant cites *Mathias v. Mathias,* 365 N.W.2d 293, 296 (Minn.Ct.App.1985), where this court held that an order denying a motion for modification before discovery was complete in effect denied that right of discovery. The discovery issue was reviewable as a matter within the "interests of justice" under Minn.R.Civ.App. 103.04, *even though* the appellant failed to move to compel discovery. *Id.*

*Mathias* is distinguishable on its facts. In *Mathias* the appellant mother sought discovery of the father's financial records which she believed would show an increase in earnings to justify increased support. *Id.* at 295. She served him with interrogatories and a request for production of documents. *Id.* He then moved the court for a protective order regarding the discovery requests. *Id.* This motion was still pending at the time the trial court ruled on the motion to modify support. *Id.* In this case there were no discovery motions pending when the trial court made its ruling.

Appellant also contends that *Blomgren v. Blomgren,* 367 N.W.2d 918 (Minn.Ct. App.1985) requires us to remand the issue as unreviewable for lack of findings. *Blomgren* dealt with missing findings, not missing evidence. In this case it was up to appellant to avail himself of obvious remedies for enforcement of his own discovery request. Evidence of respondent's new spouse was not before the trial court because of appellant's failure to pursue his discovery attempt. A trial court is not required to make findings where the interested party fails to meet his burden to produce evidence on the issue.

### IV.

■ Appellant claims the trial court erred by ordering him to reimburse respondent for health insurance coverage on the children which appellant was required to maintain under the original decree. He claims that the court should have required respondent to use contempt proceedings to enforce the decree; a contempt proceeding would have more adequately insured appellant the opportunity to respond to respondent's claim.

Respondent argues that her motion and supporting affidavit sufficiently notified appellant of her request for reimbursement. The motion sought a determination of all obligations appellant owed respondent and the affidavit specifically cited the health insurance in two places.

Appellant's argument has no merit. He had adequate notice of the claim against him. The court was merely enforcing appellant's obligations under the judgment and decree. This was well within its judicial power.

## V.

■ A trial court's award of attorney's fees will not be reversed absent a clear abuse of discretion. *E.g., Dicks v. Dicks,* 380 N.W.2d 156, 160 (Minn.Ct.App.1986). An award is permitted when one party is without means to pay for an attorney. Minn.Stat. § 518.14 (1984). Where there are extensive, protracted proceedings and a discrepancy between the parties' income, an award is reasonable. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

If an award is made, the trial court must also make a factual determination of reasonable value of fees based upon proof, or upon the court's observation of services performed. *Moberg v. Moberg,* 350 N.W.2d 421, 424 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984). In *Moberg,* adequate proof of value existed to allow the court to determine that the bill submitted by a receiver was reasonable where (1) the trial court had before it for review the voluminous record; (2) the litigation was nearly continuous; (3) the matters were complex; and (4) the court had available to it detailed time records which specified the work done and the exact amount of time worked on each item. *Cf. Borchert v. Borchert,* 279 Minn. 16, 21, 154 N.W.2d 902, 906 (1967) (evidence consisting of a letter and statement itemizing work but without specific values on each item was insufficient proof of value of services).

The award of attorney's fees to respondent here does not amount to an abuse of discretion. The trial court concluded that delay and dispute have prolonged the litigation. Respondent is unable to pay attorney's fees. Appellant has unnecessarily created much of the cost of attorney's fees by his failure to comply with the original judgment and decree, causing respondent to seek contempt orders and make various motions to force him to meet his obligations.

As for the amount of fees, the trial court's valuation of $5,000 is reasonable. The court had both documentary proof and the opportunity to observe the proceedings. The court had before it a voluminous record, replete with numerous motions. Counsel for respondent submitted detailed time records which itemized each service and specified the time spent on each item.

Under these circumstances the award of attorney's fees was supported by the record in the amount as well as justification for the award and will not be disturbed on appeal.

## DECISION

Appellant is entitled to a credit of $450 for the trial court's error in failing to reduce appellant's child support obligations as to Holly Marie when she reached majority. The trial court's refusal to forgive support arrearages was not error. It was not error for the trial court to rule on a motion to modify child support without considering the financial circumstances of respondent's new spouse where appellant failed to move to compel discovery. The trial court was acting within the scope of its power in enforcing appellant's insurance obligations under the judgment and decree. An award of attorney's fees to respondent was supported by the record. The issues of enforcing the supersedeas bond, of revaluation of the homestead and whether appellant was entitled to credit for respondent's depreciation on the studio building were first raised on appeal and were not considered.

Affirmed as modified.