Arthur S. FUDENBERG, Appellant,

v.

Elisabeth A. MOLSTAD, Respondent.

No. CX–85–2227.

Court of Appeals of Minnesota.

July 8, 1986.

Jeffrey P. Hicken, Anoka, for appellant.

Barbara F.L. Penn, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

In November 1983, appellant Arthur Fudenberg brought an action to establish paternity and to gain custody of the parties' child. Respondent Elisabeth Molstad de-

nied Fudenberg's paternity and counter-petitioned for custody and support. Respondent later admitted paternity, and appellant withdrew his request for custody. The court then ordered appellant to pay support according to the guidelines.

The only remaining issues, allotment of the federal income tax dependency exemption and respondent's request for attorney fees, were heard by a family court referee. The referee awarded the exemption to appellant and granted only $350 of respondent's requested attorney fees ($1350).

Respondent then moved for review under Minn. R.Civ.P. 53. The trial court determined that the referee made an error of law by allocating the dependency exemption to appellant and struck the portion of the order requiring respondent to execute a waiver of the exemption. The trial court also determined that the referee considered irrelevant factors in the attorney fee award and increased the award to $1350. We affirm in part, reverse in part, and remand.

## FACTS

The parties' child was born in October 1978. He has always resided with respondent, and was five years old when appellant initiated this action. Appellant provided some child support and maintained visitation with the child. Appellant is a court reporter earning approximately $31,600 per year. Respondent is a social worker and earned $21,600 at the time of the referee's order. She currently earns $26,000 annually.

## ISSUES

1. May Minnesota courts allot the federal income tax dependency exemption to the noncustodial parent?

2. Was the trial court's award of $1,350 in attorney fees an abuse of discretion?

## ANALYSIS

1. Before January 1, 1985, the federal internal revenue code clearly authorized state courts to allocate the dependen-

cy exemption to the noncustodial parent. I.R.C. § 152(e) (1982). The general rule provided that a child would be treated as receiving over half of its support from the custodial parent, subject to two exceptions. I.R.C. § 152(e)(1), (2).

The two exceptions were commonly referred to as "the $600 rule" and "the $1200 rule." Under the $600 rule, the noncustodial parent could claim the exemption if he or she provided at least $600 support during the year and the decree (or written agreement between the parties) provided that the noncustodial parent was entitled to the deduction. I.R.C. § 152(e)(2)(A). The $1200 rule allowed the noncustodial parent to claim the exemption if he or she provided $1200 or more during the calendar year and the custodial parent did not clearly establish that he or she provided more support than the noncustodial parent. I.R.C. § 152(e)(2)(B).

State courts, including this court, have interpreted the pre–1985 version of § 152(e) to allow state court allocation of the exemption to the noncustodial parent. *See, e.g., Morphew v. Morphew*, 419 N.E.2d 770 (Ind.Ct.App.1981); *Pettitt v. Pettitt*, 261 So.2d 687 (La.Ct.App.1972); *Greeler v. Greeler*, 368 N.W.2d 2 (Minn.Ct.App.1985); *Niederkorn v. Niederkorn*, 616 S.W.2d 529 (Mo.Ct.App.1981).

In *Greeler,* this court held that the trial court had jurisdiction to modify a dissolution stipulation concerning the dependency exemption. The court noted that neither Minn.Stat. § 518.64 (1984) (authorizing modification of support orders) nor I.R.C. § 152(e) precluded jurisdiction. 368 N.W.2d at 4. The court relied primarily on *Morphew* in its discussion of the federal tax question. *Id.* at 5.

The Indiana court in *Morphew* noted that the federal government's right to collect taxes is independent of state law. 419 N.E.2d at 774 (citations omitted). However, the court interpreted § 152(e) and its legislative history to authorize state courts to allot the exemption when they con-

sidered the financial arrangements between the parties. *Id.* at 775.

In 1984, § 152(e) was amended, deleting the $600 and $1200 rules. Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 423(a), 98 Stat. 494, 799. The new provision automatically allocates the exemption to the custodial parent unless he or she signs a waiver of the exemption and the noncustodial parent attaches the waiver to his or her return. I.R.C. § 152(e) (West Supp.1986).

The reasons given for the change are as follows:

> The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H.R. No. 432, Part II, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad. News 697, 1140.

It appears from the legislative history that Congress was most concerned with alleviating the burden on the IRS caused by factfinding determinations. Under the old law, the question of how much support had been provided by each parent was a fact question that had to be resolved by the IRS when the parents could not agree and each sought to claim the exemption. Under the new law, the IRS no longer needs to be concerned with these fact questions. The only questions are which parent is the custodial parent, and whether he or she has waived the right to claim the exemption.

State court allocation of the exemption does not interfere with Congressional intent. It does not involve the IRS in factfinding determinations. State court involvement has no impact on the IRS. Thus, allocation of the exemption is permissible. *Cf. Valento v. Valento,* 385 N.W.2d 860 (Minn.Ct.App.1986) (affirming, as within the trial court's discretion, allocation of the exemption to the custodial parent).

 We note that the court's order should make the custodial parent's execution of the waiver contingent upon receipt of support payments. Whether support has been paid will be readily ascertainable because the waiver need not be signed until the noncustodial parent's federal return for the completed tax year is filed.

We also note that the effect of awarding the exemption to the noncustodial parent will be to increase the income to which the support guidelines apply. *See* Minn.Stat. § 518.551 (1984) (federal income tax is subtracted from total monthly income in calculation of net income). Thus, because the dependency exemption will be a tax benefit to the obligor, decreasing his or her federal income tax, net income under § 518.551 will be increased.

2. The referee awarded only $350 of respondent's requested $1350 attorney fees. The referee seems to have awarded a lower amount because appellant voluntarily made child support payments before initiation of this action. The reviewing court noted that appellant was "merely doing what he ought to have done" and thought the payments were irrelevant to the question of attorney fees. The court also noted that the parties had been extremely litigious and that appellant was primarily responsible. As a result, the court increased the award to $1350.

 Review of a referee's order pursuant to Minn.R.Civ.P. 53 in family court matters is *de novo* review. *Berg v. Berg,* 309 Minn. 281, 244 N.W.2d 149 (1976); *Pe-*

*terson v. Peterson,* 308 Minn. 297, 242 N.W.2d 88 (1976). Thus, the trial court was free to increase the award of fees, subject to review by this court.

Minn.Stat. § 518.14 (1984) authorizes the court to award attorney fees after considering the financial resources of the parties. An award of attorney fees is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct. App.1984). An award should be affirmed if the findings and the record support the amount and the need of the party to whom fees are awarded. *See Farrar v. Farrar,* 383 N.W.2d 436 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986).

The referee made specific findings with respect to the parties' incomes. The reviewing court did not disturb these findings on review. We assume that in reviewing the referee's findings the trial court considered the parties' financial resources. The record is clear that appellant's income is greater than respondent's income. Furthermore, the trial court specifically found that appellant was primarily responsible for the parties' litigiousness. *See Kirby v. Kirby,* 348 N.W.2d 392 (Minn.Ct.App.1984) (award affirmed based on protracted legal proceedings and disparity in parties' incomes). The award of attorney fees was not an abuse of discretion.

### DECISION

The referee was not precluded by federal law from allocating the federal income tax dependency exemption to the noncustodial parent. We reverse the trial court on this issue and remand for consideration of whether the exemption should be allotted to appellant on condition he pay all support as ordered. The trial court's award of attorney fees was not an abuse of discretion.

Affirmed in part, reversed in part and remanded.