563 So.2d 1244 (1990)
Mary Durand BOUDREAU
v.
Richard Burleigh BOUDREAU.
No. CA 89 0873.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Thomas E. Gibbs, Baton Rouge, for plaintiff-appellant Mary Durand Boudreau.
Sylvia Roberts, Baton Rouge, for defendant-appellee Richard Burleigh Boudreau.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
*1245 LeBLANC, Judge.
The issue in this domestic case is whether a trial court has jurisdiction to allocate a dependency tax exemption for a minor child to a noncustodial parent. Arguing that state courts have no such authority, appellant, Mary Durand Boudreau, appeals from a judgment which allocated the dependency exemptions for her three minor children to their father, Richard Burleigh Boudreau, appellee herein.
The parties were married in 1968 and have four children. They were legally separated by judgment rendered July 15, 1987, which provided for joint custody of the four minor children of the marriage, with Mrs. Boudreau being designated the domiciliary parent. The judgment ordered Mr. Boudreau to pay child support of $250.00 a month per child and provided that he would "have the exemption of the four (4) children for income tax purposes."
Subsequently, upon one of the children reaching the age of eighteen, Mrs. Boudreau filed a rule for an increase in support for the three remaining minor children. Mr. Boudreau thereafter filed a rule for contempt, alleging Mrs. Boudreau had failed to comply with several provisions of the previous judgment. After a hearing, at which time the trial court passed Mr. Boudreau's rule for contempt to a later date, judgment was rendered increasing the support payable for each of the minor children to $275.00 per month. This judgment continued in effect all other provisions of the previous judgment, including the allocation of the dependency exemptions to Mr. Boudreau.
Mrs. Boudreau now appeals from this portion of the judgment, alleging the trial court was without jurisdiction to grant the dependency exemptions to a noncustodial parent in light of applicable federal tax regulations. In this connection, she has filed in this Court an exception of lack of subject matter jurisdiction with respect to the trial court. Mr. Boudreau answered the appeal, seeking damages for a frivolous appeal and, in the alternative, a modification in the amount of child support in the event we conclude the trial court lacked authority to allocate the dependency exemptions to him.
La.C.C. art. 146A(1)(c)(ii) provides that "a provision for child support shall consider the impact of any dependency exemption granted to a parent by provisions of any revenue law and shall allocate such exemption to either parent." It is Mrs. Boudreau's position that, despite this provision, the courts of this state were divested of jurisdiction to allocate the dependency exemptions for minor children to a noncustodial parent by the amendments made to 26 U.S.C. § 152(e) in 1984, which became effective January 1, 1985.[1]
Under Section 152 prior to its amendment in 1984, the parent who provided the larger portion of the child's support was entitled to claim the exemption, although it was presumed that the noncustodial parent provided the larger portion if that parent paid more than $1,200.00 a year in support. At that time it was well-settled that a state court had the authority to allocate a dependency exemption to a noncustodial parent. Nichols v. Tedder, 547 So.2d 766 (Miss.1989); Cross v. Cross, 363 S.E.2d 449 (W.Va.1987); Fudenberg v. Molstad, 390 N.W.2d 19 (Minn.App.1986). After its amendment, Section 152(e) now provides that the custodial parent is always entitled to the dependency exemption unless he or she executes a written waiver disclaiming the child as a dependent, which waiver must be attached to the tax return of the noncustodial parent claiming the exemption. Mrs. Boudreau argues that this change in the law divested state courts of the jurisdiction to allocate a dependency exemption to a noncustodial parent. We disagree.
It is clear from the legislative history of the 1984 amendments, that their purpose was to alleviate the administrative burden *1246 which had been placed on the Internal Revenue Service (I.R.S.) due to the necessity for it to become involved in making determinations as to which parent provided the larger portion of a child's support if the parties disagreed and both sought to claim the exemption. Nichols, supra; In re Marriage of Einhorn, 178 Ill.App.3d 212, 127 Ill.Dec. 411, 419, 533 N.E.2d 29, 37 (1988); Cross, supra; Fudenberg, supra. The apparent intent of Congress was to avoid having the I.R.S. acting as a mediator between divorced or separated parents by providing certainty as to which parent could claim the dependency exemption in a given year (i.e. the custodial parent, unless a waiver is executed). Nichols, supra; Lincoln v. Lincoln, 155 Ariz. 272, 276, 746 P.2d 13, 17 (App.1987). The legislative history of these amendments does not support Mrs. Boudreau's argument that they were intended to divest state courts of the jurisdiction to allocate dependency exemptions. Rovira v. Rovira, 550 So.2d 1237, 1241 (La.App. 4th Cir.) (concurring opinion), writ denied, 552 So.2d 398 (1989); In re Marriage of Einhorn, supra; Hughes v. Hughes, 35 Ohio St.3d 165, 518 N.E.2d 1213, 1215 (1988), U.S. cert. denied, 488 U.S. 846, 109 S.Ct. 124, 102 L.Ed.2d 97 (1988); Cross, supra at p. 458. In discussing the 1984 amendment, the Cross court observed that:
[T]here is no prohibitionexpress or impliedon a state court's requiring the execution of the waiver, and because state court allocation of dependency exemptions has been custom and usage for decades, it is more reasonable than not to infer that if Congress had intended to forbid state courts from allocating the exemption by requiring the waiver to be signed, Congress would have said so.

[W]e find nothing in the 1984 amendment to IRC 152(e) that precludes a power in our trial courts to award the dependency tax exemption as an intergral part of setting child support ... 363 S.E.2d at 458 Emphasis added.
Numerous courts have concluded that the allocation of dependency exemptions by state courts does not interfere with the Congressional intent of the 1984 amendments to Section 152(e) and that state courts therefore continue to have jurisdiction to allocate dependency exemptions to a noncustodial parent. Rovira, supra; In re Marriage of Einhorn, supra; Fleck v. Fleck, 427 N.W.2d 355, 359 (N.D.1988); Lincoln, supra; Cross, supra, Fudenberg, supra. We agree with the reasoning of these cases and, accordingly, conclude La. C.C. art. 146, which expressly grants trial courts the authority to allocate dependency exemptions, does not conflict with Section 152(e). Appellant's argument to the contrary is without merit.
However, in keeping with the intent of Congress to provide certainty and ease the administrative burden on the I.R.S., we note that a court order alone allocating the dependency exemption to a noncustodial parent is not sufficient to meet the requirements of Section 152(e). Nichols, at p. 780; In re Marriage of Einhorn, 127 Ill.Dec. at p. 419, 533 N.E.2d at p. 37. To fully effectuate the allocation, the judgment must also order the custodial parent to timely execute the required I.R.S. form declaring he or she will not claim the child as a dependent for the applicable tax year(s), so that the noncustodial parent can attach it to his or her tax return as required by Section 152(e). Accordingly, it is ordered that the judgment in the present case is amended to so provide.
Lastly, in his answer, Mr. Boudreau argues that Mrs. Boudreau's appeal was frivolous and that he should be awarded damages for frivolous appeal. We decline to award any such damages. It has consistently been held by this Court that even where contentions on appeal are without merit, if they raise legitimate issues, damages for frivolous appeal are not allowed. Thornton v. Department of Public Safety, 536 So.2d 595 (La.App. 1st Cir.1988). Even though ultimately resolved against her, the issue raised by Mrs. Boudreau herein was a valid issue which has been subject to extensive litigation nationwide. Further, at the time she took her appeal, this issue was res nova in Louisiana. For these reasons, Mr. Boudreau is not entitled to damages for a frivolous appeal.

*1247 CONCLUSION
It is hereby ordered that the judgment appealed from is amended to require that, until such time as it is modified, Mrs. Boudreau shall execute yearly, in a timely manner, the pertinent I.R.S. form required by 26 U.S.C. § 152(e) to be attached to a noncustodial parent's tax return, declaring she will not claim her minor children as dependents for that tax year. The judgment is affirmed in all other respects. Mrs. Boudreau is to pay all costs of appeal.
AFFIRMED AS AMENDED.
NOTES
[1] In brief, Mr. Boudreau argues that Mrs. Boudreau's position amounts to an attack on the constitutionality of La.C.C. art. 146, which she is barred from raising for the first time on appeal. This contention is without merit, since no constitutional issue has been raised or considered in this appeal.