587 So.2d 149 (1991)
Sidney A. ROVIRA, Jr.
v.
Janet Mary MIRE.
No. 91-CA-0721.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1991.
*150 Ellen Widen Kessler, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for plaintiff/appellant.
Pat M. Franz, Metairie, for defendant/appellee.
Before KLEES, LOBRANO and WARD, JJ.
KLEES, Judge.
The issue in this case is whether the defendant-appellee, Janet Mary Mire, is entitled to the awarded permanent alimony of $500 per month and reimbursement for the loss of the tax exemptions for her minor children.
Janet Mary Mire and Sidney A. Rovira, Jr. were married in 1965. Seven children resulted from the union. In September of 1982 Sidney Rovira filed for divorce. He was found to be at fault and she free from fault. Janet Mire was awarded custody of the children, child support of $1,250 for the three minor children, and $650 in permanent alimony. Sidney Rovira appealed the judgment to this court, disputing the awards on the basis of federal income tax considerations. This court held that the husband was entitled to receive the tax exemptions for the children and that the trial court did not abuse its discretion with the child support and alimony payments. The court, however did make stipulations to the award. The opinion stated in pertinent part as follows:
... [Janet Mire] has never worked and has not attempted to find employment since the separation. In determining the entitlement and the amount of alimony, the trial court should consider the time necessary for the recipient to acquire appropriate education, training or employment and should consider her earning capacity in light of other circumstances. C.C. art. 160. It does not appear that the trial judge made these considerations in making the award.
In deciding how to correct this error we recognize that the appellee will probably experience some difficulty in finding employment considering her lack of education and experience and her family situation in having to look after the three minor children. On the other hand, the grant of alimony without requiring appellee to look for employment or even seek education or training to make herself employable seems inconsistent with art. 160. Consequently, we have resolved to terminate appellant's obligation to pay alimony to appellee one year after our judgment becomes final. This is subject to appellee's right to return to district court and seek an extension of the permanent alimony upon proof of entitlement based upon all of the considerations set forth in art. 160.... Rovira v. Rovira, 550 So.2d 1237 at 1239 (La.App. 4th Cir.1989).
On October 5, 1990, the wife, filed a rule to continue permanent alimony in compliance with this court's order of September, 1989. Judgment was entered on December 6, 1990, awarding permanent alimony in the amount of $500.00 and ordering the husband to compensate his former wife for the loss of the tax exemptions within 60 days of receipt of verification from her tax preparer.
The husband brings this appeal, alleging three assignments of error. The first assignment contends that the award was incorrect as the former wife made no showing that she sought "suitable" employment as contemplated by Rovira, supra. This argument is completely without merit. The former wife is employed as a secretary earning approximately $950 a month at a business located near her home. She has been a housewife for approximately 30 years, possesses limited education and skills, and is nearing 50 years in age.
*151 The fact that this may not be the highest paying employment that she could obtain is irrelevant. We find her obligation to seek suitable employment fulfilled.
The second assignment of error contends that the award of alimony was incorrect as the former wife is now employed and/or failed to prove necessitous circumstances.
The husband argues that the law of the case prevents the former wife from recovery until she proves "entitlement" under Civil Code art. 112, previously codified in art. 160, as per this court's judgment of September 1989. Art. 112 states, in pertinent part:
(A)(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouses' earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligation to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
The record in this case indicates that the above factors were reviewed by the trial court. As for the husband's claim that she failed to show need, a statement of income and expenses was submitted. Although the worksheet included the expenses of the three minor children, the record reflects that the trial court was aware of this fact and took all factors into consideration. Simple arithmetic shows that her expenses exceed her income. The husband claims that because his ex-wife is now employed the alimony payments constitute a windfall to her. This is not accurate. The former wife testified at trial that she no longer receives the rental income from her two major children, as they no longer live with her. As a result of the last judgment, she has begun contributing to the expense of educating her children. She pays for the boys' tuition, as well as books and uniforms. The last judgment rendered by the trial court also reduced her alimony from $650 to $500. Effectively, the former wife is receiving at least $660 less per month, excluding her new salary. Furthermore, employment itself has created additional expense for her in the way of transportation and work attire. The award of $500 alimony in light of the above facts is not unreasonable. The trial court is vested with much discretion in setting alimony and this court gives it great weight in consideration. Shenk v. Shenk, 563 So.2d 1000 (La.App. 4th Cir., 1990). Accordingly, the trial court's judgment awarding $500 monthly alimony is affirmed.
In his third and final assignment of error, the husband contends that the trial court erred in awarding his former wife compensation for the tax exemptions of the minor children.
The custodial parent is entitled to the exemptions for the children. However, the Internal Revenue Service code allows for the custodial parent to execute a waiver of the tax credits, enabling the non-custodial parent to claim them. In Rovira v. Rovira, supra, this court required the former wife to execute a waiver in order that the husband could claim the tax credit. The reasoning behind this decree was that since she was unemployed and had no income towards which to apply such deductions, they were essentially wasted. The court stated that: "[a]n opposite conclusion would result in a waste of money for the entire family unit." Rovira, supra, at p. 1239. Taking her current employment into consideration, the trial court ordered the husband to compensate the former wife for the loss of the exemptions on a yearly basis. The apparent reasoning being that the exemptions continue to be of greater *152 value to the husband due to his considerably larger salary. The judgment at issue conforms with the spirit of Rovira, supra, and Cross v. Cross, 363 S.E.2d 449 (W.Va. 1987), adopted by this court in Rovira. Accordingly the judgment of the trial court rendered December 6, 1990 is affirmed.
AFFIRMED.