11 McKAY, Judge.
Glenn M. Farrar and Mary L. Farrar were granted a divorce on February 28, 1992. The divorce judgment granted joint custody of their minor son, Scott Farrar, with Ms. Farrar designated as the domiciliary parent. Subject to a September 9, 1991 consent judgment, Mr. Farrar was ordered to pay $700.00 per month in child support.
On October 19, 1999, Mr. Farrar filed a rule to modify child support, based upon his retirement from the military and a temporary reduction in his income. On January 12, 2000, Mr. Farrar filed a rule to modify summer visitation. Both rules were tried before the trial court on April 6, 2000. In its judgment of April 19, 2000, *798 the trial court modified the summer visitation but refused to modify the amount of child support, except to the extent of suspending support for one and one-half months each year during summer visitation. Mr. Farrar now appeals this judgment and Ms. Farrar has answered the appeal.
On appeal, Mr. Farrar raised one assignment of error while Ms. Farrar raised four. Mr. Farrar contends that the trial court erred in failing to order a reduction in 1 {.child support. Ms. Farrar contends: 1) the trial court erred in failing to include capital gain income of Mr. Farrar in the child support calculations; 2) the trial court erred in suspending Mr. Farrar’s obligation to pay child support to Ms. Far-rar each year for the month of June and for one-half of the month of July; 3) the trial court erred in awarding over five consecutive weeks of summer visitation to Mr. Farrar with the minor child as opposed to visitation over non-consecutive weeks; and 4) the trial court erred in ordering that if the minor child’s grade point average falls below a 2.0, both parties will submit to mandatory mediation by a certified mediator to determine what school the minor will attend, unless the parties can otherwise amicably resolve the issue, notwithstanding the fact that Ms. Farrar is the designated domiciliary parent.
Reduction In Child Support
In the instant case, the $700.00 per month child support obligation was established by a 1991 consent judgment. When Mr. Farrar’ retired as a pilot from the military and took on a position as a commercial pilot with Northwest Airline at a reduced initial rate of pay, he sought a reduction in his child support obligation. The trial court did not find that this voluntary change in employment established justification for modification of his child support obligation in accordance with the Louisiana Child Support Guidelines.
A trial court’s decision as to the amount of child support is entitled to great weight and will not be disturbed upon appeal absent a clear abuse of discretion. Langley v. Langley, 98-2759 (La.App. 4 cir. 11/10/99), 747 So.2d 183, citing Langley v. Langley, 96-0414 (La.App. 4 Cir. 9/18/96), 681 So.2d 25. Louisiana Revised Statute 9:311(A) provides that: “An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.” Furthermore, in Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, the Louisiana Supreme Court stated that “although we find that the adequacy of the stipulated amount must be evaluated in light of the guidelines’ considerations, the trial court is not foreclosed from approving the amount to which the parents have stipulated (consented).” Accordingly, we find no abuse of discretion in the trial court’s refusal to reduce the monthly child support obligation of $700.00.
Capital Gains
Ms. Farrar contends that the trial court erred in failing to include capital gain income of Mr. Farrar in the child support calculations. The capital gains in question occurred because Mr. Farrar made a single transfer of retirement assets from mutual funds into a retirement annuity. This is merely a change in the form of Mr. Farrar’s retirement assets which created no readily available funds but did create a taxable event. Had the funds been placed in a retirement annuity from the start, there would have been no taxable capital gain. Conversely, if Mr. Far-rar had received a distribution from his *799 retirement assets, the distribution would have been income. Accordingly, we find no abuse of discretion in the trial court’s not 1 ¿including the capital gain in its calculations of Mr. Farrar’s gross income for child support purposes.
Suspension of Child Support Obligation During Visitation
Although the trial court is granted wide discretion in determining whether to make an adjustment in the amount of child support, the trial court’s judgment may be disturbed when there exists an abuse of discretion. Temple v. Temple, 94-1244 (La.App. 3 Cir. 3/1/95), 651 So.2d 466. In the instant case, there is nothing in the record which shows that the minor child, Scott Farrar’s, expenses are reduced when he spends five or six weeks of summer visitation with his father. In fact, Ms. Farrar still incurs a number of ongoing expenses for Scott, including his school tuition.[1] The courts have consistently refused to grant a reduction where the expenses of a domiciliary parent remain constant. Falterman v. Falterman, 97-192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781; See also In re Burkenstock, 95-586 (La. App. 5 Cir. 12/13/95), 666 So.2d 1168; Corley v. Corley, 600 So.2d 908 (La.App. 4 Cir.1992). The trial court must consider the continuing expenses of the minor child all year round including every weekend of every month, as the minor child typically visits his father only two or three times per year.[2] In our opinion, the trial court failed to consider the continuing expenses that the domiciliary parent incurs for the minor child and therefore abused its discretion when it suspended Mr. Farrar’s obligation to pay child support for the one and one-half months each year during the minor child’s summer visitation.
|..¡Summer Visitation
Ms. Farrar contends that the trial court erred by awarding five consecutive weeks of summer visitation to Mr. Farrar with Scott as opposed to visitation over non-consecutive weeks because Scott will be unable to participate in tae-kwon-do with his regular class or to participate in scheduled testing and tournaments. Although the trial court agreed that athletics are important in a boy’s life, it felt that they are not more important than spending time with his father. The court viewed the relationship between a minor boy and his father as something that should be ongoing and developed with consistent visitation not broken up over the summer. We agree with the trial court.
Educational Decisions
The trial court ordered that if the minor child’s grade point average falls below a 2.0, both parties will submit to mandatory mediation by a certified mediator to determine what school the minor will attend, unless the parties can otherwise amicably resolve the issue. Ms. Farrar contends that this is an infringement upon her power as the designated domiciliary parent. This, however, is really a non-issue. Louisiana Revised Statute 9:366 already obligates parents with joint custody to exchange information concerning the health, education, and welfare of the child, as well as to confer with one another in exercising decision—making authority. Furthermore, Mr. Farrar could ask the court to review any decision made by the domiciliary parent. See La.R.S. 9:335(B)(3). | ¡¡Accordingly, we find no error in the trial court’s order regarding the minor child’s educational future.
*800 DECREE
For the foregoing reasons, the trial court’s judgment is affirmed in all respects except its suspension of Mr. Farrar’s obligation to pay child support for one and one-half months during summer visitation, which is reversed. The costs of this appeal are to be shared equally by the parties.
AFFIRMED IN PART AND REVERSED IN PART.

. Scott is on a monthly financing plan which extends past the time he is actually in school.

. Mr. Farrar resides in Florida,