929 So.2d 219 (2006)
Bridget Marie Williams, Wife of Breck Lawrence FALCON
v.
Breck Lawrence FALCON.
No. 2005-CA-0804.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 2006.
*221 David M. Hufft, Pivach, Pivach, Hufft & Thriffiley, L.L.C., Belle Chase, Counsel for Defendant/Appellant.
(Court composed of Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO Jr., Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
Breck Lawrence Falcon appeals the trial court's default judgment granting Bridget Marie Williams Falcon a divorce, child custody, child support, and the child dependency tax deduction. Mr. Falcon asserts the trial court erred by rendering a default judgment on the ancillary matters of the divorce. Post-hearing, he filed a Motion for a New Trial. The trial court denied the motion and Mr. Falcon's timely appeal followed. We find the trial court erred in rendering the default judgment determining child custody, child support, and the child dependency tax deduction. The trial court did not conduct a hearing in open court or take evidence that substantiated a prima facie case. We affirm the divorce and remand for a hearing to procure evidence regarding child custody, child support, and the child dependency tax deduction.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Bridget Marie Williams Falcon ("Ms. Williams") filed a Petition for Divorce on March 26, 2001, alleging separation from Breck Lawrence Falcon ("Mr.Falcon") since June 2000. Ms. Williams also prayed for child custody, child support, and the child dependency tax deduction. Mr. Falcon received domiciliary service via his father on April 3, 2001. However, he made no court appearances or filed responsive pleadings. The trial court entered a preliminary default granting Ms. Williams' divorce petition in its entirety on May 14, 2001.
On May 30, 2001, Ms. Williams filed an Affidavit in Lieu of Testimony to support *222 and prove her divorce petition. The trial court rendered a default judgment the same day. The judgment granted Ms. Williams: 1) a divorce; 2) joint custody of the minor child, with Ms. Williams designated as the primary domiciliary parent; 3) five hundred and fifty-five dollars ($555.00) in child support per month; 4) the child dependency tax deduction; and 5) the right to return to the use of her maiden name.
Mr. Falcon averred he never received notice of the default judgment. Thus, he filed a Motion for a New Trial on July 8, 2004, alleging the trial court erred by granting child custody, child support, and the tax deduction without the presentation of any evidence, testimony, or witnesses. The trial court denied the Motion for a New Trial on March 11, 2005. Mr. Falcon devolutively appealed alleging the trial court erred by determining child custody, child support, and the child dependency tax deduction without a hearing, evidence, or testimony to support a prima facie case.

TIMELINESS OF MOTION FOR NEW TRIAL AND APPEAL
Mr. Falcon filed a Motion for a New Trial on July 8, 2004, three years after the trial court entered the default judgment in favor of Ms. Williams. This violated La. C.C.P. Art. 1974, which requires that a motion for a new trial be filed within seven (7) days of the service of the judgment.[1] However, Mr. Falcon alleges he never received notice of the signing of the default judgment as required by La. C.C.P. Art.1913(B).[2]
The record is void of evidence of personal or domiciliary service of the judgment or notice of signing the judgment on Mr. Falcon. Thus, the time delay to file a motion for a new trial or appeal never commenced. Vitrano v. Vitrano, 346 So.2d 303, 303-04 (La.App. 4 Cir.1977). Mr. Falcon's 2004 Motion for a New Trial and devolutive appeal were timely.

STANDARD OF REVIEW
Default judgments receive the manifest error standard of review. Cornish v. Doctors Care, L.L.C., 02-0285, p. 4 (La.App. 4 Cir. 6/12/02); 819 So.2d 1158, 1161. Additionally, the trial court's decisions regarding child custody are "entitled to great weight." Fountain v. Waguespack, 93-1077 (La.App. 4 Cir. 7/8/94); 639 So.2d 882, 887. Thus, the judgment will not be disturbed absent an abuse of discretion. Id. Child support determinations are also entitled to the abuse of discretion standard of review. Farrar v. Farrar, 00-1487, p. 2 (La.App. 4 Cir. 7/11/01); 791 So.2d 796, 798.

DEFAULT JUDGMENT
A default judgment may be confirmed without the taking of evidence or a hearing in open court in certain situations as provided in La. C.C.P. Art. 1702 and *223 1702.1.[3] The petitioner must prove a prima facie case "as though each allegation of the petition had been denied." Cornish, 819 So.2d at 1161. A presumption also exists that the record proves a prima facie case. Id. However, this presumption is nonexistent if "the record indicates otherwise." Id.

DIVORCE
The trial court granted Ms. Williams a divorce pursuant to La. C.C. Art. 103(1).[4] As noted in La. C.C.P. Art. 1702(E), a La. C.C. Art. 103(1) divorce may be granted by default judgment if there is evidence or an affidavit to prove a prima facie case. Ms. Williams' divorce petition stated that she and Mr. Falcon had not lived together since June 2000. This separation met the time requirement of La. C.C. Art. 103(1) for living separate and apart for at least six (6) months prior to filing the divorce petition.
*224 Ms. Williams submitted an Affidavit in Lieu of Testimony following the preliminary default to prove a prima facie case for divorce. Based on this evidence, the trial court granted the divorce via default judgment. Ms. Williams' affidavit provided sufficient prima facie evidence that she had not resided with Mr. Falcon for at least six (6) months prior to filing her divorce petition. Therefore, we find the trial court's divorce by default judgment did not constitute manifest error.

ANCILLARY MATTERS TO THE DIVORCE
Ancillary matters to a divorce are not included in a default judgment without evidence to support a prima facie case, as required by La. C.C.P. Art. 1702 and 1702.1. However, the trial court has discretion whether to conduct a hearing in open court on the ancillary matters if no other Louisiana provisions are contradictory to holding a hearing. La. C.C.P. Art. 1702(E). In the case, sub judice, Louisiana law requires certain factors or guidelines to be considered and followed to determine these ancillary matters to a divorce. Thus, absent consent between the parties, child custody, child support, and the allocation of the child dependency tax deduction require evidence and testimony to prove a prima facie case.
First, Louisiana law requires that child custody be determined in accordance with the best interest of the child. La. C.C. Art. 131.[5] Courts must consider twelve (12) factors in determining the best interest of the child. La. C.C. Art. 134.[6] The consideration of these factors is required in all custody awards. Dalferes v. Dalferes, 98-1233/98-1234 (La.App. 4 Cir. 11/18/98); 724 So.2d 805, 807. The record is void of evidence examining the best interest of the child.
Second, Louisiana law requires the trial court to consider the "totality of the circumstances" when determining the amount of child support. Barkemeyer v. Barkemeyer, 598 So.2d 550, 552 (La.App. 4 Cir.1992). Louisiana law provides statutory *225 guidelines that must be used when weighing factors to determine the amount of child support. LSA-R.S. 9:315.2.[7] However, the trial court may deviate from the guidelines with "adequate reasons." Glorioso v. Glorioso, 99-3222, p. 9 (La.App. 4 Cir. 11/15/00); 776 So.2d 536, 540. In the present case, the trial court disregarded the guidelines and the record lacks evidence which assists in determining child support under Louisiana law.
Third, the child dependency tax deduction cannot be allocated without the trial court considering evidence and/or testimony unless it is by consent between the parties. Income tax law awards the deduction to the custodial parent. Rovira v. Rovira, 550 So.2d 1237, 1238 (La.App. 4 Cir.1989). The trial court may consider other factors when determining which parent should get the deduction. Id. at 1238-39. The record lacks evidence that the trial court examined evidence or testimony to select the best recipient of the deduction.
The trial court granted Ms. Williams child custody, child support, and the deduction, based solely on her petition and affidavit. Ms. Williams' affidavit lacked evidence or facts relative to the three ancillary matters. The trial court did not conduct a hearing in open court to take additional evidence or testimony to substantiate or examine Ms. Williams' requests for custody, support, and the deduction as required by Louisiana law.
Further, the trial court did not examine the factors weighing in the best interest of the child. Nor did Ms. Williams or the trial court provide information regarding the proper amount of child support. A misappropriation of child custody also interferes with the allocation of the child dependency tax deduction.
Louisiana law requires the examination of factors and guidelines when determining these ancillary matters to a divorce. In the case, sub judice, this required a hearing in open court to collect evidence and oral testimony in order to properly address the issues of child custody, child support, and the child dependency tax deduction. The affidavit substantiated a prima facie case solely for the divorce in the default judgment. Therefore, the trial *226 court failed to award child custody, child support, and the child dependency tax deduction according to the guidelines set forth in Louisiana law.
We find the trial court was manifestly erroneous and abused its discretion when it rendered a default judgment awarding child custody, child support, and the child dependency tax deduction without requiring a hearing in open court to acquire evidence and testimony sufficient to examine the ancillary matters and prove a prima facie case.

DECREE
We affirm the divorce between Ms. Williams and Mr. Falcon. We reverse and remand the issues of child custody, child support, and the child dependency tax deduction for a hearing to consider the factors, guidelines, and evidence as required by Louisiana law.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
NOTES
[1] La. C.C.P. Art.1974: Delay for applying for new trial

The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
[2] La. C.C.P. Art. 1913: Notice of judgment

B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
[3] La.C.C.P. Art. 1702: Confirmation of default judgment reads in pertinent part:

A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
E. Notwithstanding any other provisions of law to the contrary, when the demand is for divorce under Civil Code Article 103(1), whether or not the demand contains a claim for relief incidental or ancillary thereto, a hearing in open court shall not be required unless the judge, in his discretion, directs that a hearing be held. The plaintiff shall submit to the court an affidavit specifically attesting to and testifying as to the truth of all of the factual allegations contained in the petition, and shall submit the original and not less than one copy of the proposed final judgment. If no answer or other pleading has been filed by the defendant, the judge shall, after two days, exclusive of holidays, of entry of a preliminary default, render and sign the judgment or direct that a hearing be held. The minutes shall reflect rendition and signing of the judgment.
La. C.C.P. Art. 1702.1: Confirmation of default judgment without hearing in open court; required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit; note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
[4] La. C.C. Art. 103: Judgment of divorce; other grounds

Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed;
(2) The other spouse has committed adultery; or
(3) The other spouse has committed a felony and has been sentenced to death or imprisonment at hard labor.
[5] La. C.C. Art. 131: Court to determine custody

In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.
[6] La. C.C. Art. 134: Factors in determining child's best interest

The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
[7] LSA-R.S. 9:315.2: Calculation of basic child support obligation

A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.11.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.19 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding, but in no event shall the amount of child support be less than the amount provided in R.S. 9:315.14.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.